IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| GENESIS HEALTH VENTURES, INC., et al., | ) |
| | ) Bankr. Case No. 00-2692 |
| Debtors. | ) |
| | ) |
| RICHARD HASKELL, et al., | ) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) Civil Action No. 05-427-KAJ |
| | ) |
| GOLDMAN, SACHS & CO., et al., | ) |
| | ) |
| Appellees. | ) |

## MEMORANDUM OPINION

R. Bruce McNew, Esq., Taylor & McNew LLP, 3711 Kennett Pike, Suite 210, Greenville, Delaware 19807; Counsel for Appellants.
  Of Counsel: Stanley M. Grossman, Esq., H. Adam Prussin, Esq., Leigh Handelman Smollar, Esq., Pomerantz Haudek Block Grossman & Gross LLP, 100 Park Ave., 26th Floor, New York, New York 10017.

Russell C. Silberglied, Esq., Jason M. Madron, Esq., Richards, Layton & Finger, P.A., P.O. Box 551, Wilmington, Delaware 19899; Counsel for Appellee Genesis Health Ventures, Inc.
  Of Counsel: Michael F. Walsh, Esq., Diane Harvey, Esq., Gary T. Holtzer, Weil, Gotshal & Manges LLP, 767 Fifth Ave., New York, New York 10153.
  Adam P. Strochak, Joanne M. Guerrera, Weil, Gotshal & Manges LLP, 1501 K St., NW, Suite 100, Washington, D.C. 20005.

Steven K. Kortanek, Esq., Morton R. Branzburg, Esq., Klehr, Harrison, Harvey, Branzburg & Ellers LLP, 919 Market St., Suite 1000, Wilmington, Delaware 19899; Counsel for Appellee Goldman, Sachs & Co.
  Of Counsel: Sheldon Raab, Esq., Eric A. Hirsch, Esq., Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004.

Teresa K. D. Currier, Esq., Peter J. Duhig, Esq., Klett Rooney Lieber & Schorling, PC, The Brandywine Building, 1000 West St., Suite 1410, Wilmington, Delaware 19801; Counsel for Appellee Mellon Bank, N.A.
  Of Counsel: Richard S. Toder, Esq., Menachem O. Zelmanovitz, Esq., Matthew E. Schernecke, Esq., Morgan, Lewis & Bockius LLP, 101 Park Ave., New York, New York 10178; Counsel for Appellee Mellon Bank, N.A. with respect to all Plaintiffs other than Charles L. Grimes, Louise IG Ireland Trust, C. Yvonne Cooke, Jane G. Brown, Serena R. Schwartz, and Gordon W. Chaplin. Steven Russo, Esq., Sive, Paget & Riesel, P.C., 460 Park Ave., New York, New York 10022; Counsel for Appellee Mellon Bank, N.A. with respect to Charles L. Grimes, Louise IG Ireland Trust, C. Yvonne Cooke, Jane G. Brown, Serena R. Schwartz, and Gordon W. Chaplin.

Daniel K. Hogan, Esq., The Hogan Firm, 1311 Delaware Ave., Wilmington, Delaware 19806; Counsel for Appellee Highland Capital Management, L.P.
  Of Counsel: Paul B. Lackey, Esq., Michael P. Aigen, Esq., Lackey Hershman, L.L.P., 3102 Oak Lawn Ave., Suite 700, Dallas, Texas 75219.

Robert S. Brady, Esq., Young Conaway Stargatt & Taylor LLP, 1000 West St., 17th Floor, Wilmington, Delaware 19899; Counsel for Appellee George V. Hager.
  Of Counsel: Paul V. Shalhoub, Esq., Wilkie Farr & Gallagher LLP, 787 7th Ave., New York, New York 10019.

---

March 29, 2006
Wilmington, Delaware

JORDAN, District Judge

I. INTRODUCTION

This is an appeal from an adversary proceeding before the Bankruptcy Court. The Complaint, filed by 275 former debenture holders[1] of Genesis Health Ventures ("Genesis"), alleges that Genesis and co-defendants Goldman, Sachs & Co. ("Goldman"), Mellon Bank, N.A. ("Mellon"), Highland Capital Management ("Highland") and George P. Hager ("Hager"; collectively, "Defendants") committed fraud or made grossly negligent misrepresentations to Plaintiffs and to the Bankruptcy Court regarding the value of Genesis during the period leading up to the confirmation of the reorganization plan (the "Plan") in Genesis's bankruptcy case. (Docket Item ["D.I."] 9 at A48-52.) Plaintiffs allege that those misrepresentations caused Goldman, Mellon, and Highland to receive almost all of the equity in the reorganized company, while Plaintiffs received almost nothing under the Plan. (Id. at A49-54, ¶¶ 3-12.) The Bankruptcy Court confirmed the Plan on October 2, 2001, based at least in part on the allegedly fraudulent information. (Id. at A51.) Plaintiffs filed their Complaint on January 27, 2004[2] (D.I. 9 at A127), and Defendants moved to dismiss the Complaint for failure to state a claim. In re Genesis Health Ventures, Inc., 324 B.R. 510, 513 (Bankr. D. Del. 2005). The Bankruptcy Court granted the Motion to Dismiss. Id. Before me now is Plaintiffs' appeal from that decision.

---

[1] The names of the 275 plaintiffs appear on the face of the Complaint. (D.I. 9 at A42-A47.) They will be referred to here collectively as "Plaintiffs."

[2] Plaintiffs initially filed their Complaint in the Supreme Court for the State of New York. (D.I. 9 at A34.) Defendants removed the case to the United States District Court for the Southern District of New York, and then it was transferred to this court and referred to the Bankruptcy Court. In re Genesis Health Ventures, Inc., 324 B.R. 510, 513 (Bankr. D. Del. 2005).

Jurisdiction is appropriate under 28 U.S.C. §158(a). For the reasons that follow, the decision of the Bankruptcy Court will be affirmed-in-part, vacated-in-part, and remanded for proceedings consistent with this opinion.

## II. BACKGROUND

The background of this case was set out in the opinion of the Bankruptcy Court dismissing the Complaint, and will not be repeated here. *In re Genesis*, 324 B.R. at 513-15. However, in its recitation of the facts and its discussion of the merits of the case, the Bankruptcy Court left out certain relevant allegations in the Complaint, which I will briefly discuss here.

In the Complaint, Plaintiffs allege that Defendants "improperly decreased the debtors' EBITDA[3] by deducting a host of unsubstantiated and unwarranted items." *In re Genesis*, 324 B.R. at 514. In addition to their allegations of improper deductions from Genesis's EBITDA (D.I. 9 at A75-110, ¶¶ 57-161), Plaintiffs also allege that they did not discover that the improper deductions were made until after the Plan was confirmed. Specifically, Plaintiffs claim that:

> Subsequent to confirmation of the Plan, disturbing information was disclosed, over a period of months, that cast into doubt, for the first time, the veracity of the EBITDA data that had been used in support of the Plan: a. In November of 2001, Genesis disclosed for the first time the massive increases in insurance revenues that Liberty had taken, and expensed, during the relevant valuation period. In its 10-K issued on December 28, 2001, well after Plan confirmation, showed that reserves had shot up by $23.7 million, doubling in a single year. b. In its 10-Q for the first quarter of fiscal 2002, dated February 12, 2002, Genesis disclosed that it had not lost the Mariner/APS business, because the

---

[3] EBITDA is an acronym for "earnings before interest, taxes, depreciation, and amortization," *In re Genesis*, 324 B.R. at 513, and is used as a measure of financial performance.

2

service agreement had been extended through 2002. This had happened even though another company had actually acquired APS. c. In its 10-Q for the second quarter of fiscal 2002, dated May 15, 2002, Genesis disclosed that its cost of goods sold in its pharmacy operations was 59.2% of revenues, rather than 62.5% of revenues, the percentage used to calculated the historical LTM[4] data used for valuation pruspuses; and it also disclosed for the first time that 10% of Manorcare revenues had been excluded from income (and EBITDA) during the LTM period.

(D.I. 9 at A121, ¶ 178.) Thus, Plaintiffs allege that this "red flag" was raised for the first time after the plan was confirmed, and that they could not have raised these issues during the confirmation process. (*Id.* at A122, ¶ 179.)

### III.  STANDARD OF REVIEW

On appeal, a clearly erroneous standard applies to the Bankruptcy Court's findings of fact, and a plenary review standard applies to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). When reviewing mixed questions of law and fact, this court will accept the Bankruptcy Court's findings of "historical or narrative facts unless clearly erroneous, but [will] exercise plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts." *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (internal citations omitted).

### IV.  DISCUSSION

#### A.   *11 U.S.C. § 1144*

The Bankruptcy Court dismissed Plaintiffs claims against Genesis, the debtor, as time barred under 11 U.S.C. § 1144. *In re Genesis*, 324 B.R. at 516-17. That statute

---

[4] LTM stands for "last twelve months," and is a historical measuring period for EBITDA. (See D.I. 9 at A51, ¶ 6.)

3

states, in relevant part: "On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud." The 180 day time limit is strictly construed, and is enforced even when the alleged fraud is discovered outside the deadline. *See In re Midstate Mortgage Investors, Inc.*, 105 Fed. Appx. 420, 423 (3d Cir. 2004) ("Expiration of the limitations period bars a motion to set aside the confirmation of a reorganization plan even if the fraud is not discovered until the period has passed.") (quoting *In re Orange Tree Assocs., Ltd.*, 961 F.2d 1445, 1447 (9th Cir. 1992)). While on its face, § 1144 appears to apply only to efforts to revoke a confirmation order, courts have adopted a wider approach, and have applied the bar in § 1144 when the complaint in question appears "to do indirectly what [the plaintiffs] no longer may do directly" because of that statutory bar. *Hotel Corp. of the South v. Rampart 920, Inc.*, 46 B.R. 758, 770-71 (E.D. La. 1985), *aff'd*, 781 F.2d 901 (5th Cir. 1986).

"While it is true that creditors may not attack confirmation orders by simply characterizing their attempt as an independent cause of action, rather than a motion to revoke the order, the 180 day deadline in Section 1144 does not act as a bar to truly independent courses of action based on a debtor's wrongful conduct." *In re Coffee Cupboard, Inc.*, 119 B.R. 14, 19 (E.D.N.Y. 1990) (internal citations omitted); *see also In re Emmer Bros. Co.*, 52 B.R. 385, 391 (D. Minn. 1985) ("creditors may not attack confirmation orders by simply characterizing the attempt as an independent cause of action rather than a motion to revoke the order"). A claim is not independent where it is

4

simply "an attempt to 'redivide the pie' by a disgruntled participant in the Plan." *In re Coffee Cupboard*, 119 B.R. at 19. An independent cause of action can be maintained, however, "at least where the alleged fraud could not have been asserted in the bankruptcy proceedings, the underlying factual claims were not actually adjudicated, and the relief sought would not upset the confirmed plan of arrangement." *Id.* (quoting *Matter of Newport Harbor Associates*, 589 F.2d 20, 24 (1st Cir. 1978)).

Here, the Bankruptcy Court did not commit error when it found that to award money damages against Genesis would be to "'redivide the pie', to upset the confirmed plan, and to negatively affect innocent parties and creditors". *In re Genesis*, 324 B.R. at 517. Accordingly, that portion of the Bankruptcy Court's decision regarding claims against Genesis will be affirmed. However, the Bankruptcy Court did not address whether the time bar of § 1144 should also apply to bar claims against Goldman, Mellon, Highland, and Hager. Therefore, I remand for a determination of whether that provision applies to the claims against those Defendants.

    B.    *Res Judicata and Collateral Estoppel*

In ruling on a Motion to Dismiss, a court must "accept as true all material allegations in the complaint, and it must construe the complaint in favor of the plaintiff." *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.*

Here, the Bankruptcy Court dismissed the complaint against Goldman, Mellon, Highland, and Hager on the grounds of res judicata and collateral estoppel, finding that the Plaintiffs "raised many of the issues reflected in the complaint, including various EBITDA assumptions and adjustments" during the Plan confirmation hearings. *In re Genesis*, 324 B.R. at 520. The Court held that the claims asserted in the Complaint were "so close to the claim actually litigated at confirmation" that they should have been brought in that forum, and that the Complaint simply tried to "add additional factual bases to the allegation that the debtor was misvalued." *Id*. at 523-24. Furthermore, the Court stated that

> [T]he plaintiffs do not contend that the defendants' wrongfully concealed material facts from them prior to confirmation. Rather, the plaintiffs contend that the documents produced by the defendants prior to confirmation were too voluminous to review adequately, that there was insufficient time to review the materials thoroughly, and that the materials were not reviewed to ferret out fraud, because the prospect that fraud had been committed in connection with management assumptions and adjustments to EBITDA was not yet apparent.

*In re Genesis*, 324 B.R. at 526.

However, in ruling that Plaintiffs' claims are barred by res judicata and collateral estoppel, the Bankruptcy Court did not appear to take into account all of the allegations in the Complaint, particularly the allegation that, "subsequent to the confirmation of the Plan, disturbing information was disclosed ... that cast into doubt, for the first time, the veracity of the EBITDA data that had been used in support of the Plan[,]" (D.I. 9 at A121, ¶ 178; *see also supra* at 2-3), and related allegations (*see* D.I. 8 at 19-20; D.I. 19 at 13-14). The Bankruptcy Court never acknowledged Plaintiffs allegation that information about the fraud was concealed until after the Plan was confirmed. Thus,

6

the Bankruptcy Court did not "accept as true all material allegations in the complaint," when it ruled on the motion to dismiss. The Bankruptcy Court's ruling therefore must be vacated and the case remanded for the Bankruptcy Court to consider the motion to dismiss in light of all of the allegations in the Complaint.[5]

### C. Other Grounds

Defendants Goldman, Highland, and Mellon urge that, in addition to the grounds relied on by the Bankruptcy Court, the decision of the Bankruptcy Court can be affirmed on various other grounds, including failure to plead with specificity and the Defendants' lack of any duty to Plaintiffs. (See D.I. 16, 17, 18.) However, I decline to address those arguments for the first time on appeal.

## V. CONCLUSION

Accordingly, the decision of the Bankruptcy Court that Plaintiffs' claims against Genesis are barred by 11 U.S.C. § 1144 will be affirmed. However, the Bankruptcy Court's decision that the claims against the other creditors are barred by res judicata and collateral estoppel will be vacated, and this case will be remanded for further proceedings consistent with this opinion, including consideration of whether § 1144 bars relief against all Defendants.

---

[5] I emphasize that I imply nothing about the merits of the Plaintiffs' allegations and their ultimate disposition.

7